IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HADEK PROTECTIVE SYSTEMS B.V., et al., )
                                                                    )
           Plaintiffs and Counter Defendants, )
                                                     )
    vs )     Civil Action No. 2:22-01421
                                                     )
ERGON ASPHALT & EMULSIONS, INC., )
                                                     )
           Defendant and Counter Plaintiff. )

**MEMORANDUM OPINION AND ORDER**

**I.    Relevant Procedural Background**

Plaintiffs Hadek Protective Services B.V. and Hadek Protective Systems, Inc. ("Hadek") commenced this action against Defendant Ergon Asphalt & Emulsions, Inc. ("Ergon") in which they assert claims of breach of contract and tortious interference in connection with a sales and distribution agreement between the parties. (ECF No. 1.) Ergon's Answer included a Counterclaim for breach of contract alleged to arise from Hadek's nonpayment of outstanding invoices. (ECF No. 11.)

Thereafter, Hadek filed an Amended Complaint adding another breach of contract claim. Ergon then filed a First Amended Counterclaim (ECF No. 37) alleging, among other things, claims for trademark infringement under Sections 32(l) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c) (the "trademark infringement claims"). Hadek's Answer to Ergon's First Amended Counterclaim (ECF No. 44) raised additional affirmative defenses to those in its original Answer that Ergon's trademark infringement claims were barred by the "fair use" and "first sale" doctrines.

Presently pending is Ergon's Motion to Strike Hadek's Affirmative Defenses or in the Alternative for More Definite Statement under Federal Rules of Civil Procedure 12(e) and (f). (ECF No. 52.) Ergon's motion has been fully briefed (ECF Nos. 53, 55, 58) and is ready for disposition.

II.     **Legal Standard**

Courts have "considerable discretion" in deciding whether to grant a motion to strike. Under Federal Rule of Civil Procedure 12(f), a court may to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As noted in *Brkovich v. Dynacom Indus., Inc.*:

> Under Rule 12(f), the standard for striking portions of a [pleading] "'is strict and ... only allegations that are so unrelated to the plaintiff['s] claims as to be unworthy of any consideration should be stricken.'" *Johnson* v. *Anhorn,* 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker* v. *Chicago Title Ins. Co.,* Civ. A. No. 03-2292, 2004 U.S. Dist. LEXIS 1988, *18 (E.D. Pa. 2004)). Moreover, striking portions of a plaintiff's pleading is a "drastic remedy[,]" which should be used only when justice requires it. *Johnson,* 334 F. Supp. 2d at 809 (quoting *United States* v. *Am. Elec. Power Serv. Corp.,* 218 F. Supp. 2d 931 (S.D. Ohio 2002)) (quotations omitted); *see also Dela Cruz* v. *Piccari Press,* 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (providing that while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored"). Motions to strike are decided on the pleadings alone. *Dela Cruz,* 521 F. Supp. 2d at 429 (citing *North Penn Transfer, Inc.* v. *Victaulic Co. of Am.,* 859 F. Supp. 154, 159 (E.D. Pa. 1994)).

Civ. A. 11-46, 2011 WL 7052128, at *1 (W.D. Pa. Nov. 10, 2011).  Affirmative defenses may also be stricken if they cannot withstand a Rule 12(b)(6) challenge. *Directv Inc. v. Figler,* Civ.A. 04-773, 2006 WL 318825, at *1 (W.D. Pa. Feb. 9, 2006).

As an alternative to its motion to strike, Ergon argues that Hadek should be required to plead a more definite statement of the affirmative defenses at issue. Under Fed. R. Civ. Pro. 12(e), a party may move for a more definite statement of a pleading to a response is required if the

2

pleading is so vague or ambiguous that the party cannot reasonably respond. The motion must be made before a responsive pleading is filed and must point out the defects complained of and the details desired. (*Id.*)

A motion for a more definite statement is not a substitute for the discovery process, and such motions are not favored. *Dolbin v. Tony's LLC*, Civ. A. 19-1662, 2020 WL 5505664, at *11–12 (M.D. Pa. Aug. 13, 2020), report and recommendation adopted, Civ. A. 19-1662, 2020 WL 5506433 (M.D. Pa. Sept. 11, 2020) (citing *Wheeler v. U.S. Postal Serv.*, 120 F.R.D. 487, 488 (M.D. Pa. 1987)). They typically are granted only when pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." (*Id*.)

### III. Discussion

#### A. Motion to Strike

Ergon asserts two primary arguments in support of its Motion to Strike. First, it argues that Hadek's fair use defense is legally inadequate under Fed. R. Civ. Pro. 12(b)(6) because its trademark is incontestable. Therefore, it is not merely descriptive, which is a prerequisite for a fair use defense. In addition, because Hadek uses the designation as a trademark, this is not classic fair use, and it is not nominative fair use because it is not necessary to use the mark in order to refer to Ergon's product.

In response to Ergon's fair use contention, Hadek argues, among other things, that incontestability is irrelevant to either of its affirmative defenses because it relates to the issue of the mark's validity, not infringement of a trademark. Further, it asserts that Ergon's contention that a determination that its trademark is "merely descriptive" is a prerequisite to the fair use defense is incorrect. Hadek also asserts that regardless of whether the comparison products are considered descriptive, classic or nominative fair use, those activities collectively comprise the

3

affirmative defense of fair use and since this defense is fact-driven and discovery is ongoing, it is premature to strike the defense at this time.  In addition, with respect to Ergon's "nominative" fair use argument, Hadek notes that Ergon has the initial burden of showing a "likelihood of confusion" based on the holding of *Century 21 Real Est. Corp. v. Lendingtree Inc.,* 425 F.3d 211 (3d Cir. 2005). As such, it argues, it is premature to analyze the factors set forth in that case or the "likelihood of confusion" at the pleading stage.

Second, Ergon argues that Hadek's first sale defense fails as a matter of law because: (1) Hadek's Answer confirms that it sells Ergon products advertised as its own on its website; and (2) since Ergon's infringement claim is based on Hadek's unauthorized use of Ergon's trademark, any sale of those products will confuse and mislead consumers into believing that there is a relationship between Ergon and Hadek.

Hadek's response to this argument is that because it purchased Ergon products for use and installation, it is not improper to showcase its experience by identifying the locations where it has done so.  It also suggests that a determination of its first sale defense is a fact-based inquiry and therefore, it is premature to strike its defense while discovery is on-going.

1. Fair Use Defense

It is undisputed that Ergon's trademark is "incontestable."[1]   Given its incontestability, Ergon argues that because Hadek cannot challenge the trademark as "merely descriptive," it cannot prove any facts to support its fair use defense.  In making this argument, Ergon relies on the Supreme Court's decision in *Park & Fly, Inc. v. Dollar Park & Fly, Inc.,* 649 U.S. 189 (1985).

---

[1] A trademark becomes "incontestable" after the owner files affidavits stating that the mark has been registered, that is has been in continuous use for five consecutive years, that there is no pending proceeding and there has been no adverse decision concerning the registrant's ownership or right to the registration.  15 U.S.C. § 1065.

4

*Park & Fly* involved a dispute between two long-term parking lot operators with similar names, one of which, Park & Fly, Inc., owned an incontestable trademark and sued the other operator, Dollar Park and Fly Inc., for trademark infringement. *Id.* at 191. The District Court found in favor of Park & Fly, Inc., holding that an incontestable mark could not be challenged on the grounds that it is merely descriptive. *Id.* After the Ninth Circuit reversed that ruling, Park & Fly, Inc. appealed. On appeal, the Supreme Court reinstated the District Court's ruling and held that "the holder of a registered trademark may rely on incontestability to enjoin infringement and that such an action may not be defended on the grounds that the mark is merely descriptive." *Park & Fly,* 569 U.S. at 205. The Supreme Court also noted, however, that a fair use defense is one of the seven enumerated defenses in the Lanham Act as an exception to a registrant's exclusive right to use an incontestable mark, stating "[i]f one of the defenses *is established*, registration constitutes only prima facie and not conclusive evidence of the owner's right to exclusive use of the mark." *Id.* at 664 n. 6. (emphasis added). Thus, if established, a fair use defense remains available to a party even when an incontestable mark exists.

Ergon also argues Hadek's use of the trademark does not constitute a classic fair use. To prevail on a "classic" fair use defense, Hadek must show "that [it] (1) used [the trademark] merely to describe [its] product; (2) did not use [the mark] as a trademark; and (3) used [the mark] in good faith." *Institute for Sci. Info., Inc. v. Gordon & Breach*, 931 F.2d 1002, 1008 (3d Cir. 1991).

In support of its position, Ergon highlights several admissions in Hadek's Answer (ECF No. 44 ¶¶ 63-67), claiming that these admissions preclude Hadek from asserting a classic fair use defense as a matter of law. Ergon argues that because Hadek admits that it uses Ergon's trademark "prominently on the website as a sales promotion"; hyperlinks the trademark's words as "an attention getting symbol"; redirects users who click on their trademark to "various places on the

site including an information page" on Hadek's products and "in some instances…places the TM symbol next to" its trademark, Hadek's classic fair use defense fails as a matter of law. (ECF No. 53 pp. 8-9.)

The three-part test required to show classic fair use is a fact-based inquiry. In considering whether this defense is susceptible to dismissal based upon a 12(b)(6) standard, it is necessary to consider whether viewing its Answer in the light most favorable to Hadek, there are issues of fact that cannot be resolved at this time. While Ergon argues that Hadek's use of the TM symbol next to Ergon's trademark was "a clear statement…that it is using [Ergon's trademark] in a trademark sense" (*Id.* p. 9), it does not cite to any paragraph of Hadek's Answer that conclusively establishes this fact. Moreover, the issue of good faith is fact-intensive and cannot be resolved based upon the pleadings.

It should also be noted that the decisions on which Ergon relies were decided based upon evidence presented either at trial or at a preliminary injunction hearing after a factual record had been created. At this juncture, evidence has not yet been presented that establishes that placement of the TM symbol next to Ergon's trademark was use of Ergon's trademark "in a trademark sense" or that Hadek used Ergon's trademark in bad faith. *See Institute for Sci. Information, Inc.,* 931 F.2d at 1008. Thus, it is premature to dismiss Hadek's classic fair use defense.

For the same reasons, Ergon's argument that Hadek's use of its trademark does not constitute nominative fair use fails. To prevail on that defense, Hadek will need to "satisfy a three-pronged nominative fair use test[:] (1) that the use of [Ergon's] mark is necessary to describe both [Ergon's] product or service and [Hadek's] product or service; (2) that [Hadek] uses only so much of [Ergon's] mark as is necessary to describe [Hadek's] product; and (3) that [Hadek's] conduct or language reflect the true and accurate relationship between [Ergon] and [Hadek's] products or

6

services." *Century 21 Real Estate Corp,* 425 F.3d at 222. Ergon argues that because Hadek admits that it hyperlinks Ergon's trademark to its own product and represents on its website content and metadata that it is "the global distributor" of Ergon's trademarked product, "there is no set of circumstances under which Hadek's nominative fair use defense could succeed…." (ECF No. 53 p. 11.) However, Hadek's admissions are not dispositive for purposes of evaluating whether it will be able to satisfy the three-part *Century 21 Real Estate Corp.* test. Whether Hadek's use of Ergon's mark is necessary to describe both Ergon's product and Hadek's product; whether Hadek only uses so much of Ergon's mark as necessary to describe Hadek's product; and whether Hadek's conduct or language reflect the true and accurate relationship between Ergon's and Hadek's products are issues that can only be determined based upon a full record. *See Century 21 Real Estate Corp,* 425 F.3d at 222.[2]

Therefore, Ergon's Motion to Strike Hadek's fair use affirmative defense will be denied.

2. First Sale Defense

Ergon also contends that Hadek's first sale affirmative defense should be stricken. Under the first sale doctrine, "a trademark owner's authorized initial sale of its product into the stream of commerce extinguishes the trademark owner's rights to maintain control over who buys, sells, and uses the product in its authorized form." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n. 4 (3d Cir. 1998). Its purpose is to prevent confusion about the origin or make of a product. *Steeplechase Arts & Productions, L.L.C. v. Wisdom Paths, Inc.* Civ. A. No. 22-02031, 2023 WL 416080, at *8 (D. N.J. Jan. 26, 2023); *see also NEC Electronics v. CAL Circuit Abco,* 810 F.2d 1506, 1509 (9th Cir. 1987); and *Brilliance Audio, Inc. v. Haights Cross Communications, Inc.* 474 F.3d 365, 369

---

[2] The *Century 21 Real Estate Corp.* decision was based on evidence presented to the District Court at a preliminary injunction hearing. *See* 425 F.3d at 216.

(6th Cir. 2007).

Whether confusion exists about the origin of a product is a factual inquiry. *See Malibu Media, LLC v. Does 1*, Civ. A. No. 12-2078, 2013 WL 1702549, at *8 (E.D. Pa. Mar. 6, 2013) (denying motion to strike because whether the lawsuit was based on the unauthorized reproduction and distribution of unlawful copies of the plaintiff's movies, and thus, whether the first sale defense was available to the defendants, was "a question of fact to be determined during discovery and/or trial."); *see also Microsoft Corp. v. Worth*, Civ. A. No. 06-2213, 2007 WL 1975574, at *3 (N.D. Tex. July 5, 2007) (denying motion to strike because "whether the first sale doctrine is available as an affirmative defense rests on disputed factual issues.").

Ergon suggests that because Hadek admits in its Answer that it sells Ergon's products and "admittedly advertises" that it sells such products as its own, "any sale of those products…will ultimately confuse and mislead customers into believing there is a relationship between Hadek and Ergon…." (ECF No. 53 p. 12.)  However, simply because Hadek admits that it sells and advertises Ergon's products does not necessarily vitiate its first sale defense because such a defense rests on whether confusion exists about the origin of the products. This requires an examination of facts beyond the pleadings that are not yet fully developed.  Moreover, the Court is mindful of the admonition that motions to strike under Rule 12(f) are highly disfavored. *Wilson v. Am. Gen. Fin.*, Inc., 807 F. Supp. 2d 291, 305 (W.D. Pa. 2011).

Consequently, Ergon's Motion to Strike Hadek's first sale affirmative defense will be denied.

### B. Motion for a More Definite Statement

Ergon alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e).  It argues that if the affirmative defenses are not stricken, they should be amended

8

to provide sufficient specificity. Hadek responds that its affirmative defenses are well-pleaded under Federal Rule of Civil Procedure 8(c) because they provide Ergon notice of the defenses. Moreover, it asserts, affirmative defenses need not be pleaded with particularity. Hadek further notes that all of its affirmative defenses are pleaded in a similar fashion, and Ergon has not asserted that any of the other affirmative defenses lack sufficient specificity.

The pleading requirements of *Bell Atl. Corp. v. Twombly*, 530 U.S. 544 (2007) and *Aschcroft v. Iqbal*, 555 U.S. 662 (2009), do not apply to the pleading of affirmative defenses under Rule 8(c). Rather, a party responding to a pleading must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. Pro. 8(c); *see also Romantine v. CH2M Hill Engineers, Inc.*, Civ. A. No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("[t]his court does not believe that *Twombly* is appropriately applied to…affirmative defenses under [Rule] 8(c)."; and *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 97 (D. N.J. 2014) (the heightened *Twombly/Iqbal* standard is not applicable to the pleading of affirmative defenses under Rule 8(c)).

No responsive pleading to Hadek's affirmative defenses is required nor do any heightened pleading requirements apply. As pleaded, Hadek's fair use and first sale affirmative defenses are not unintelligible, vague, ambiguous, or impossible to understand. *See Wheeler*, 120 F.R.D. at 488. The assertion of these defenses places Ergon on notice of defenses on which Hadek may rely and which Ergon may explore through discovery. Thus, Ergon's alternative motion for a more definite statement will be denied.

Therefore, this 24th day of October 2023, it is ORDERED that Ergon's Motion to Strike Affirmative Defenses or in the Alternative For More Definite Statement (ECF No. 52) is DENIED.

BY THE COURT:

/s/Patricia L. Dodge
Patricia L. Dodge
United States Magistrate Judge